IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Tyrone Shumpert, #292828          )
                                  )
                    Petitioner,   )          Civil Action No.8:08-3172-HFF-BHH
                                  )
            v.                    )
                                  )          **<u>REPORT AND RECOMMENDATION</u>**
Colie L. Rushton, Warden          )          **<u>OF MAGISTRATE JUDGE</u>**
of McCormick Correctional         )
Institution,                      )
                                  )
                    Respondent.   )
_____)

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code,

Section 2254. This matter is before the Court on the respondent's motion for summary

judgment. (Dkt. # 11.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial

petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on September 9, 2008.[1]  On December

17, 2008, the respondent moved for summary judgment. By order filed December 18,

2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was

advised of the summary judgment dismissal procedure and the possible consequences if

he failed to adequately respond to the motion. On January 26, 2009, the petitioner filed a

response opposing the respondent's summary judgment motion.

---

[1]This filing date reflects that the envelope containing the petition was date stamped as having been received on September 9, 2008, at the McCormick Correctional Institution mailroom. (Pet. Attach. # 4.)  *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

# I. PROCEDURAL HISTORY

The petitioner is currently incarcerated at the McCormick Correctional Institution.  In November 2002, the petitioner was indicted for conspiracy, two counts of armed robbery, and possession of a firearm during the commission of a violent crime.  He was represented by William G. Mayer.   On April 28, 2003, the petitioner was tried by a jury with the Honorable James W. Johnson, Jr., presiding.  He was convicted of conspiracy and two counts of armed robbery, but he was found not guilty on the weapons charge.  He was sentenced to twenty-two years for each robbery charge to run concurrently and five years for the conspiracy charge.  The petitioner appealed to the South Carolina Court of Appeals.

On appeal, the petitioner was represented by Appellate Defender Tara S. Taggart. Taggart filed an *Anders*[2] brief raising the following issue:  "Whether the judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.?"  On September 14, 2004, the petitioner filed a pro se brief raising the following issues:  a *Batson* violation, prosecutorial misconduct based upon a comment, bolstering of witnesses, improper seating of a juror, and ineffective counsel.  The Court of Appeals dismissed the appeal in an unpublished opinion, *State v. Shumpert,* Op. No. 2005-UP-095 (S.C. Ct. App. filed Feb. 8, 2005). The remittitur was issued on March 15, 2003, after rehearing and the petitioner did not file a petition seeking a writ of certiorari in the South Carolina Supreme Court.

On May 24, 2005, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief, quoted verbatim:

> A. Counsel failed to object to an all white Jury.
>
> B. Counsel failed to present a Alibi defense.

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

> C. Counsel failed to object to prosecutor's argument alluding to the defendant's failure to put up a defense.

(App. 167.)   On January 18, 2006, an evidentiary hearing was held before the Honorable Wyatt T. Saunders. The petitioner was present and represented by Rodney Richey.  On March 6, 2006, Judge Saunders entered an order denying the petitioner PCR.  (App. 234 -241.)

The petitioner appealed to the South Carolina Supreme Court raising the following issue for relief: "Whether petitioner's case should be remanded for consideration of an affidavit that was wrongly excluded?"  (Return Ex. # 5.)  On December 13, 2007, the South Carolina Supreme Court entered an order granting certiorari.  (Return Ex. # 7.)   On May 12, 2008, the Supreme Court affirmed the judgement denying state PCR in *Shumpert v. State*,  661 S.E.2d 369 (S.C. 2008).  (Return Ex. 10.)  The remittitur was sent down on May 29, 2008.  (Return Ex. # 11.)

The petitioner filed this habeas petition raising the following grounds for relief, quoted verbatim:

> **Ground One:** Trial counsel failed to move for a Batson violation: where all members of my race were struck from the jury.
> **Supporting Facts:**  During jury selection juror 53 David Jackson and juror 33 Gregory Fielder was struck from jury selection by prosecutor. Plus all jurors picked were Caucasian, over the age of 35 by 90%.
>
> **Ground Two:** Counsel fail to present an alibi defense.
> **Supporting Facts:**  At trial Kenya Robinson was present because I notified her by phone is the only reason. Oscar Taylor, Brandon William, Marcus Brown and Lomar Todd were never subpoena to trial after repeated request to councilman Mayo.
>
> **Ground Three:** Counsel failed to object to prosecutor's alluding to my failure to present a defense.
> **Supporting Facts:**  Prosecutor statement: "there's been absolutely nothing presented for you not to believe Derrick Mosely" who was the state's only witness. This also influenced

3

the jury to use the right to silence against me. [The extraneous influence!!]

**Ground Four:** Denial of Admissibility of Juror Affidavit.
**Supporting Facts:** Post-conviction relief judge did not allow the affidavit on record. Affidavit contained facts that my silence was used against me by Juror's even after the judge's charges and prosecutor's extraneous influence outside deliberations.

(Pet. 6-11.)

## II. <u>APPLICABLE LAW</u>

### A. Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

4

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## B.  HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply

5

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## C. EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

i. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

> unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting

7

a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii.  Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim.  Where a

8

petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

iii.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S.

9

at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## III. DISCUSSION

### A. Procedurally Barred Claims

The respondent contends that the claims raised in Grounds One, Two, and Three are procedurally barred as they were either not raised on appeal. The undersigned agrees.

In Ground One, the petitioner alleges his trial counsel was ineffective for failing to to make a *Batson*[3] motion. In Ground Two, the petitioner alleges that his trial counsel was ineffective for failing to present an alibi defense. In Ground Three, the petitioner alleges that his trial counsel was ineffective for failing to object to the prosecutor's alleged improper comment on his right to remain silent. While the petitioner did raise these issues at his PCR hearing, the petitioner did not appeal these issues to the South Carolina Supreme Court in his PCR appeal. As noted above, in his appeal to the South Carolina Supreme Court, the petitioner raised only the following issue for relief: "Whether petitioner's case should be remanded for consideration of an affidavit that was wrongly excluded?" "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Matthews v. Evatt,* 105 F.3d 907 (4th Cir. 1997)).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman*, 501 U.S. at 750. A

---

[3]*Batson v. Kentucky*, 476 U.S. 79 (1986).

10

procedural default also may be excused if the petitioner demonstrates that "failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Id*. In other words, that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v, Carrier*, 477 U.S. 478, 496 (1986).

In order to use a claim of actual innocence to remove a procedural bar to a separate constitutional claim, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo,* 513 U.S. at 327. To successfully remove any procedural bars to other constitutional claims, the petitioner must present "new reliable evidence" *Id.* at 324. This new "evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 326-27. "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

The petitioner contends that he is actually innocent and that several witnesses who testified at trial, including a co-perpetrator, will now recant their trial testimony and testify that he is innocent. (Pet'r's Mem. Opp. Summ. J. Mot. 4-12.)[4] Recantation is neither reliable nor credible. Without reliable evidence, a petitioner cannot demonstrate that "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Furthermore, it is important to note that this is not a case in which the petitioner has presented direct evidence of recantation by a witness.

---

[4]"[O]ur habeas jurisprudence makes clear that a claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins,* 506 U.S. 390, 404 (1993). This court, therefore, considers the petitioner's actual innocence claim only as a gateway to his constitutional claims, and not as a freestanding constitutional claim that would entitle the petitioner to relief.

Rather, the petitioner merely states the witnesses will now recant their trial testimony.  The petitioner has not presented any affidavits from any witness.

Additionally, the undersigned notes that when considering an actual innocence claim, the court may consider how the timing of the submission and the credibility of the affiants bear on the reliability of the evidence.  *Schlup,* 513 U.S. at 331-32. In this regard, recantation testimony, particularly by a codefendant who now has nothing to lose by recanting, is not reliable evidence of innocence. *See United States, Hackley,* 164 F. App'x 301, 305 (4th Cir. 2006) *(citing United States v. Johnson,* 487 F.2d 1278, 1279 (4th Cir.1973)).  Here, the new evidence alleged to support the petitioner's claim of actual innocence is not sufficient to remove procedural bars on other constitutional claims.  Thus, these claims are procedurally barred from habeas review.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993).  Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.  Accordingly, the undersigned will not discuss the merits of the claims raised in Grounds One, Two, and Three as these claims are procedurally barred. The remaining claim set forth in Ground Four is discussed on the merits below.

### B.  Merits

In Ground Four, the petitioner alleges that the PCR court erred in excluding a juror's affidavit during the PCR hearing.   The respondent contends this issue is purely a matter

12

of state evidentiary law and thus not grounds for habeas relief and further that any errors in a state PCR hearing are not grounds for habeas relief. The undersigned agrees.

First, federal courts do not review determinations of state law made by state courts. *See Pulley v. Harris,* 465 U.S. 37 ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."). *See also* 28 U.S.C. § 2254(a) (holding a federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treatises of the United States); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (per curiam) ("federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension" . . . "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

The petitioner contends that the affidavit should have been admitted during his PCR proceeding under Rule 606(b) of the South Carolina Rules of Evidence ("SCRE"). Applying Rule 606, SCRE, the South Carolina Supreme Court held that the PCR court's decision excluding the juror's affidavit should be affirmed. *Shumpert v. State,* 661 S.E.2d 369, 371 (S.C. 2008). Such evidentiary and state procedural issues do not rise to the level of a constitutional violation unless the petitioner can show that the ruling "offends . . . some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Patterson v. New York*, 432 U.S. 197, 202 (1977) (citations omitted). The petitioner has made no such show showing.

Furthermore, alleged procedural errors in a state PCR proceeding are also not grounds for federal habeas relief. *Wright v. Angelone,* 151 F.3d 151, 159 (4th Cir.1998) ("a challenge to Virginia's state habeas corpus proceedings cannot provide a basis for federal habeas relief") (*citing Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir.1988)). Accordingly, this ground is without merit.

13

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 11) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

April 22, 2009
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).